UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KIMBERLY M. CANNON,

    Petitioner,

v.                                                                  Case No. 3:13cv474/MCR/CJK

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Respondent moves to dismiss the petition as time-barred, providing relevant portions of the state court record. (Doc. 21). Petitioner has not responded, although invited to do so. (*See* Doc. 23). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

On June 2, 2008, petitioner was indicted for First Degree Murder in the Circuit Court for Santa Rosa County, Florida, Case No. 08-CF-0854. (Doc. 21, Ex. B).[1] On August 17, 2010, petitioner entered a counseled guilty plea to the lesser included offense of voluntary manslaughter. (Ex. D). After conducting an extensive plea colloquy, the trial judge found petitioner's plea knowingly, voluntarily and intelligently entered, accepted petitioner's plea, adjudicated petitioner guilty of voluntary manslaughter and sentenced petitioner, consistent with the terms of the negotiated plea agreement, to 15 years in prison to run concurrent with any other sentence petitioner was then serving. (Exs. D, E). Judgment was rendered that day, August 17, 2010. (Ex. E). Petitioner did not take a direct appeal. (Doc. 1, p. 2).

On August 24, 2011, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. F; *see also Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009) ("Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.") (*citing Houston v. Lack*, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2384-85, 101 L. Ed. 2d 245 (1988)))). The state court struck petitioner's motion as facially insufficient on March 16, 2012, with leave to amend within forty-five days. (Ex. G). Petitioner filed an amended Rule 3.850 motion on April 2, 2012. (Ex. H). The state court denied the motion on January 8, 2013. (Ex. I). The Florida First District Court of Appeal ("First DCA") per curiam affirmed without a written opinion on April 9, 2013. *Cannon v. State*, 111 So. 3d 882 (Fla. 1st DCA 2013) (Table) (copy at Ex. J). The mandate issued May 7, 2013. (*Id.*).

---

[1]All references to exhibits are to those provided at Doc. 21, unless otherwise noted.

Petitioner filed her federal habeas petition on August 15, 2013. (Doc. 1, p. 16). Respondent asserts that the petition is untimely and should be dismissed. (Doc. 21).

## DISCUSSION

Because petitioner filed her § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to her filing a federal habeas petition existed, that she bases her claims on a right newly recognized by the United States Supreme Court, or that the facts supporting her claims could not have been discovered through the exercise of due diligence before her conviction became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

Petitioner did not appeal from her judgment of conviction. Accordingly, petitioner's judgment became final for purposes of § 2244(d)(1)(A) on September 16, 2010, which is 30 days after rendition of the August 17, 2010 judgment. *See* FLA. R. APP. P. 9.140(b)(3) (an appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between the rendition of a final judgment and 30 days following rendition of a written order imposing sentence."); *see also* FLA. R. APP. P. 9.020(h) (defining "rendition" as the filing of the signed, written order); *Gust v. State*, 535 So.2d 642 (Fla. 1st DCA 1988) (holding that if a defendant does not appeal his conviction or sentence, his judgment of conviction becomes final when the 30-day period for filing a direct appeal expires); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that where habeas petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date the time for seeking direct review expired), *abrogated on other grounds by Wall v. Kholi*, — U.S. —, 131 S. Ct. 1278, 179 L. Ed. 2d 252 (2011). The federal habeas statute of limitations began to run on that date. The limitations period expired one year later on September 16, 2011, in the absence of tolling. *See McCloud v. Hooks*, 560 F.3d 1223, 1229

(11th Cir. 2009) (calculating expiration of limitations period as one year from the day after the judgment became "final" under § 2244(d)(1)).

Petitioner allowed 341 days of the limitations period to lapse before filing her Rule 3.850 motion on August 24, 2011.[2] Petitioner's Rule 3.850 motion was pending (and statutorily tolled the limitations period) from August 24, 2011 (the date it was filed), until May 7, 2013 (the date the First DCA issued the mandate on petitioner's appeal of the order denying relief).[3] *See Carey v. Saffold*, 536 U.S. 214, 219-20, 122 S. Ct. 2134, 2138, 153 L. Ed. 2d 260 (2002) (holding that "an application is pending as long as the ordinary state collateral review process is 'in continuance' – i.e., 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'"); *Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" Rule 3.850 motion is "pending" under Florida procedure – and consequently tolls the limitation period – until the appellate court's issuance of the mandate on appeal). The limitations period expired 24 days later on May 31, 2013. The petition in this case was not filed until August 15, 2013, and is

---

[2]Respondent asserts that although petitioner certified her Rule 3.850 motion as having been placed in the hands of the prison mail room for mailing on August 24, 2011, petitioner is not entitled to the benefit of the prison mailbox rule because she did not comply with Rule 33-210.102(8)(g), Florida Administrative Code, which requires that she obtain a stamp which states, "Provided to [Correctional Institution] on [date] for mailing." *Id*. (Doc. 21, p. 4 n.3). Respondent asserts that the court should deem petitioner's motion to have been filed on August 29, 2011. The court need not address this issue because the 5-day difference is not dispositive of the timeliness issue.

[3]Respondent asserts that petitioner's Rule 3.850 proceeding was not "pending" for purposes of § 2244(d)(2), during the 16-day interval between the state court's striking petitioner's initial motion on March 16, 2012, and petitioner's filing her amended motion on April 2, 2012. (Doc. 21, pp. 4-5). The court need not address this issue because the 16-day difference is not dispositive of the timeliness issue, even when added to the previous 5-day period discussed in note 2 above.

*Case No: 3:13cv474/MCR/CJK*

untimely. Petitioner has not established entitlement to equitable tolling or any other exception to the limitations period. Petitioner's failure to timely file her petition requires dismissal of this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

*Case No: 3:13cv474/MCR/CJK*

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 21) be GRANTED.

2.  That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Kimbery Mary Cannon* in the Circuit Court for Santa Rosa County, Florida, Case No. 08-CF-0854, be DISMISSED WITH PREJUDICE.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 27th day of May, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).